UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                                      |   |                       |
|------------------------------------------------------|---|-----------------------|
| RI PROPERTY WIRE, LLC,                               | ) |                       |
|     Plaintiff,                                       | ) |                       |
| v.                                                   | ) |                       |
| SCOTT A. LINNELL, THERESA L. LINNELL,                | ) | Civil No. 18-12297-LTS |
|     Defendants,                                      | ) |                       |
| BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP, | ) | |
|     Crossclaim Defendant.                            | ) |                       |

ORDER ON MOTION TO DISMISS (DOC. NO. 8)

August 30, 2019

SOROKIN, J.

Plaintiff RI Property Wire, LLC ("RIPW") filed a summary process action in Barnstable County District Court against defendants Scott A. Linnell and Theresa L. Linnell (collectively, "the Linnells") for possession of the property located at 29 Chopteague Lane, Marstons Mills, Massachusetts ("the Property"). Doc. No. 10-4 at 83. In response, the Linnells moved to dismiss the action, alleging that the foreclosure of the Property was void. Id. at 96-100.

Following the Linnells' motion to dismiss, RIPW moved to add Bank of America, N.A. ("BANA") as a third-party defendant. Doc. No. 1-1 at 329. RIPW then filed crossclaims against BANA alleging breach of contract, indemnification, and unfair and deceptive practices in violation of Mass. Gen. Laws ch. 93A. Id. at 364-65. BANA removed the case to this Court

1

under its diversity jurisdiction. Doc. No. 1 at 1. BANA now moves to dismiss the crossclaim for failure to state a claim under Rule 12 (b)(6). Doc. No. 8. For the following reasons, the motion to dismiss is ALLOWED.

I.  BACKGROUND[1]

   A.  Facts

RIPW is a limited liability company with a principal office in Providence, Rhode Island. Doc. No. 1-1 at 362 ¶ 1. The Linnells bought the Property on March 16, 2006. Id. ¶ 3. BANA is successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, a national bank with a principal office in Charlotte, North Carolina. Id. ¶ 2.

On March 16, 2006, the Linnells executed an adjustable rate note ("the Note") in favor of Patriot Funding, LLC ("Patriot") for a loan of $296,400. Doc. No. 10-3 at 92. Patriot endorsed the Note to Countrywide Bank, N.A., who endorsed it in blank. Id. at 97. To secure the Note, the Linnells granted a mortgage ("the Mortgage") on the Property to Mortgage Electronic Registration Systems, Inc. ("MERS") and recorded it in the Barnstable County Registry of Deeds. Id. at 100-07. Around March 1, 2007, eleven months after the Mortgage was recorded, the Linnells stopped making payments, and defaulted on their loan. Doc. No. 10-5 at 3 ¶ 9. On October 2, 2007, Countrywide filed a Servicemembers Complaint with the Massachusetts Land Court, and proceeded to foreclose nonjudicially, but then aborted the adverse action. Id. ¶ 10. On July 7, 2008, Countrywide sent the Linnells a "Notice of Intention to Foreclose" which stated, "[i]f the default is not cured on or before October 5, 2008, the mortgage payments will be

---

[1] For the purposes of this Order, the Court "accept[s] as true all well-pleaded facts set forth in the complaint and draw[s] all reasonable inferences therefrom in the pleader's favor . . . augment[ing] these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011).

accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time," and that "the failure to cure may result in the foreclosure and sale of your property." Id. ¶ 11.

On September 8, 2011, and again on September 23, 2011, MERS assigned the Note and Mortgage to BANA, recording the assignments in the Barnstable Country Registry of Deeds on September 20, 2011 and October 4, 2011, respectively. Id. ¶ 12. On November 25, 2015, BANA sent the Linnells a pre-foreclosure "Notice of Intent to Accelerate," informing them that to cure the default, they had to pay $217,094.81 on or before January 4, 2016. Id. ¶ 13. The notice also stated that the Linnells had a "right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale" as required by Paragraph 22 of the Mortgage. Id. On January 3, 2018, BANA conducted a foreclosure by auction and was the highest bidder, purchasing the Property for $254,150. Doc. No. 1-1 at 132-33, 363 ¶ 8-9. On January 10, 2018, BANA received the Property's title via a Foreclosure Deed and recorded it along with an "Affidavit of Sale under Power of Sale in Mortgage" ("Affidavit of Sale") in the Barnstable County Registry of Deeds. Id. at 134-36. The Affidavit of Sale states "that the requirements of the power of sale included in the mortgage and of the law have been complied with in all respects." Id. at 134.

On April 13, 2018, RIPW agreed to purchase the Property from BANA and executed an Auction and Retail Contract (the "Contract") that contained certain limitations on BANA's liability and waiver of RIPW's rights. Doc. No. 10-1 at 61. Section 1, "Limitation of Liability," states, "Buyer understands and acknowledges that seller has or may have acquired the property through foreclosure . . . Buyer agrees that Seller shall not be liable to Buyer under any circumstances for an[y] special, consequential, or punitive damages whatsoever, whether in

contract, tort . . . or any other legal or equitable principle." Id. at 61-62 ¶ 1(B), 1(E).  Finally, Section 14, "Title," states, "Buyer acknowledges that Seller's title to the Property may be subject to court approval of foreclosure or to a mortgagor's right of redemption."  Id. at 71.

In addition to the Contract, RIPW also executed a document titled "Real Estate Purchase Addendum – Auction" ("the Addendum").  Id. at 55.  The Addendum's Section 2, "Occupancy Status of Property," states, "Buyer understand and acknowledges that the property may be subject to leasehold interests or other rights or claims of various Occupants or Claimants . . . At Closing, Buyer will assume all responsibility and liability for or with respect to any Occupants or Claimants of the Property."  Id. at 55 ¶ A.  Section 3, "Eviction Proceedings; Relocation Costs," of the Addendum further states, "After Closing, Buyer may elect to bring, at his/her/its sole cost and risk, such unlawful detainer, eviction or similar proceedings as Buyer may desire. Buyer acknowledges that Seller has made no representations or warranties that Buyer may bring such proceeding or that any such proceeding will be successful…"  Id. at 56-57.  Section 7, "Indemnification," states, "The Buyer hereby indemnifies, defends and holds harmless Seller . . . from and against any and all claims, causes of action . . . arising from, in connections with, or in any way relating to the existence or claims of any occupant or Claimant, any violations of . . . federal, state or local statutes or regulations."  Id. at 57.  On May 22, 2018, in accordance with the Contract and the Addendum, BANA conveyed the Property to RIPW via a quitclaim deed for $205,801.05 and recorded it on May 31, 2018.  Doc. No. 1-1 at 137.

B.      Procedural Posture

On June 4, 2018, RIPW sent the Linnells a letter stating, "[p]lease vacate the property no later than Sunday, June 10, 2018, or we may bring a court action to evict you."  Doc. No. 10-4 at 49.  After the Linnells failed to vacate, RIPW filed a summary process complaint in the

4

Barnstable County District Court to remove the Linnells from the Property.  Id. at 83-84.  On June 29, 2018, the Linnells transferred the action to the Southeast County Housing Court.  Id. at 37.

The Linnells' answer to RIPW's summary process complaint denied RIPW's right to take possession of the Property, asserted that the foreclosure of the Property was invalid, and claimed that their initial Mortgage was unconscionable and presumptively unfair.  Id. at 91, 93-94.  The Linnells also filed a motion to dismiss RIPW's claim for possession which asserted non-compliance with Paragraph 22 of the Mortgage, expiration of the statute of limitations to enforce the Note and exercise the Power of Sale, an unconscionable underlying mortgage, and legally insufficient notice to quit.  Id. at 96-100.

On September 26, 2018, RIPW filed a motion to join BANA as a crossclaim defendant, which the Southeast Housing Court granted.  Doc. No. 10 at 155.  RIPW then served BANA with a crossclaim complaint alleging (1) breach of contract, (2) indemnification, and (3) unfair and deceptive practices in violation of Mass. Gen. Laws ch. 93A.  Id. at 166-67.  BANA timely removed the case under this Court's diversity jurisdiction.  Doc. No. 1.  The Court held a status conference at which counsel for RIPW, the Linnells, and BANA each appeared.  At the status conference, the Court heard argument on the motion to dismiss.

II.     LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In evaluating a complaint, the court must accept all factual allegations in the complaint as true and construe all reasonable inferences in the plaintiff's favor. Watterson v. Page, 987 F.2d 1, 3 (1st

Cir. 1993). The tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions and "threadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678. A reviewing court must conduct a "context-specific" assessment of the pleadings by drawing on "its judicial experience and common sense." Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009) (quoting Iqbal, 556 U.S. at 663–64). A complaint must be dismissed for failure to state a claim when it lacks "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997).

III. DISCUSSION

BANA moves to dismiss RIPW's crossclaims under Rule 12(b)(6). Doc. No. 8 at 1. In support, BANA argues that RIPW's claims are barred by the Contract and the Addendum, in which it disclaimed and waived any and all claims against BANA, and in any event, RIPW does not allege sufficient facts to state a plausible claim for relief against BANA. Doc. No. 9 at 11.

A. Breach of Contract

Count I, a breach of contract claim, alleges that, because BANA's foreclosure was void, BANA had no interest in the Property to transfer to RIPW and thus left RIPW without the benefit of its bargain. Doc. No. 15 at 6. RIPW's complaint points to the Linnells' allegations that they have superior right to title of the Property because BANA's foreclosure was void because it did not strictly comply with Paragraph 22, and because the underlying mortgage loan was unconscionable and unfair. Doc. No. 9 at 12; Doc. No. 15 at 6.

To establish a viable claim for breach of contract, RIPW must show that (1) an agreement was made between plaintiff and defendant, (2) plaintiff was ready, willing and able to perform, (3) defendant failed to perform a material obligation provided for in the contract, and (4) plaintiff

6

suffered harm caused by defendant's failure to perform. Lamonica v. Fay Servicing, LLC, 352 F. Supp. 3d 138, 140 (D. Mass. 2018). The parties do not dispute the first two elements. However, with respect to the third element, BANA argues that RIPW has not pled sufficient facts to demonstrate a breach of contract, nor does it identify which contractual provision was allegedly breached or how it was breached. Doc. No. 9 at 13. In addition, BANA argues that RIPW waived all rights to bring a cause of action against BANA in relation to the Property in the Contract and the Addendum. Id.

In resolving a motion to dismiss for failure to state a claim, factual allegations must be treated as true, but conclusory allegations, statements presented as facts but which are actually legal conclusions, may be rejected. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). RIPW's crossclaim complaint also does not plausibly allege facts that, if taken as true, would render BANA's foreclosure of the Property void. In fact, the only allegation in the crossclaim complaint relating to whether the foreclosure was void is the following:

> Defendants answered the Summary Process Complaint and alleged, inter alia, that the underlying foreclosure conducted by BANA was void; as a result of a void foreclosure they had a superior right to title; that the underlying mortgage loan was unconscionable and unfair; that the notice of right to cure did not strictly comply with the terms of the mortgage; and the security interest created by the mortgage was extinguished prior to the foreclosure.

Doc. No. 1-1 at 363 ¶ 15.

The Court notes that first, this statement does not allege that the mortgage was in fact void; rather, it alleges that the Linnells claim it is. However, even if the Court accepts the Linnells' allegations as adopted by RIPW, all of the statements in this portion of the complaint are legal conclusions, not facts. As such, they are conclusory allegations which must be rejected for purposes of resolving a motion to dismiss under Rule 12(b)(6). See Ocasio-Hernandez, 640 F.2d at 12. There are no other factual allegations in the crossclaim complaint which plausibly

7

state a claim for relief under Count I. Furthermore, the Affidavits provided by BANA directly contradict the Linnells' allegation that the foreclosure was void.[2] Additionally, even if the foreclosure was void, RIPW would need to point to a specific contractual provision which promised that the foreclosure of the Property was not void to support a breach of contract claim against BANA. RIPW did not refer to any such provision in its crossclaim complaint or at the status conference. Accordingly, RIPW has failed to plausibly state a claim for relief under Count I.

Even if RIPW's complaint had plausibly alleged facts demonstrating that the foreclosure was void, the Contract and Addendum would likely bar this claim. The Contract states that the "Seller has or may have acquired the property through foreclosure" and that the "Property may be subject to court approval of foreclosure." Doc. No. 10-1 at 61, 71. The Addendum states that the "Seller has made no representations or warranties that Buyer may bring [an eviction] proceeding or that any such proceeding will be successful." Id. at 56-57. The Contract and Addendum provisions put RIPW on notice that BANA may not have obtained clear and marketable title to the Property through the foreclosure. As previously discussed, RIPW has pointed to no contrary contractual provision in which BANA promised that the foreclosure was not void. For this reason, even if the foreclosure was void, RIPW has failed to plausibly allege that such a fact would support a breach of contract claim.

Accordingly, the motion to dismiss is ALLOWED with respect to Count I.

---

[2] The Court considers the Affidavits of Sale in resolving the motion to dismiss as they are "documents the authenticity of which are not disputed by the parties" as well as "documents sufficiently referred to in the complaint." Watterson, 987 F.2d at 3; see also Thout v. Deutsche Bank Nat'l Tr. Co. Tr. of Residential Securitization Tr. 2006-G Under Pooling & Servicing Agreement Dated May 1, 2006, 369 F. Supp. 3d 318, 322 (D. Mass. 2019) (considering an Affidavit of Sale in resolving a motion to dismiss as incorporated into the Complaint by reference or as a public record).

B.  <u>Indemnification</u>

Count II, an indemnification claim, alleges that BANA is liable to RIPW for any damages and harm to the Linnells. Doc. No. 1-1 at 365 ¶ 25. RIPW's complaint alleges that any damages or harm suffered by the Linnells are the result of BANA's actions. <u>Id.</u> at 364-65 ¶ 23.

A party has a right to indemnification in three circumstances: (1) where an express agreement creates the right to indemnification, (2) where a contractual right to indemnification is implied from the nature of the relationship between the parties, or (3) where a great disparity in the fault of the parties gives rise to a tort-based right to indemnification. <u>Araujo v. Woods Hole, Martha's Vineyard, Nantucket Steamship Authority</u>, 693 F.2d 1, 2 (1st Cir. 1982). A contractual right to indemnification exists either when an express contract between parties provides for indemnification of one party by another or when the right is implied by "unique special factors demonstrating that the parties intended the would-be indemnitor to bear responsibility for the plaintiff's safety . . . or when there is a generally recognized special relationship between the parties." <u>Id.</u> at 2-3 (citations omitted). The tort-based theory of indemnification shifts "the whole loss upon the more guilty of the two tortfeasors." <u>Id.</u> at 3.

RIPW's opposition advances no argument whatsoever in support of its indemnification claim. Doc. No. 15 at 5-6. Accordingly, the motion to dismiss this claim is ALLOWED AS UNOPPOSED. In any event, RIPW's crossclaim does not state a claim for indemnification. First, RIPW does not allege that an express agreement requires BANA to indemnify it with respect to the Property. In fact, the Addendum executed by the parties and incorporated into the crossclaim provides that RIPW contractually waived its right to indemnification and instead agreed to indemnify BANA for any claims brought by the Property's occupants. Doc. No. 10-1 at 54. "Buyer hereby indemnifies, defends and holds harmless Seller…" <u>Id.</u> This provision

9

precludes both the first and second possible grounds for indemnification. Finally, RIPW alleges no facts plausibly alleging, or suggesting at all, the type of great disparity in the fault of the parties which would give rise to a tort-based right to indemnification.

Accordingly, the motion to dismiss is ALLOWED with respect to Count II.

C.     Chapter 93A

Count III, a Chapter 93A claim, alleges that because BANA's foreclosure was void, selling the Property to RIPW constituted an unfair and deceptive act, and as a result, RIPW suffered damages. Doc. No. 1-1 at 365 ¶¶ 28, 29. RIPW's complaint points to the Linnells' allegations that they have superior right to tile of the Property because BANA's foreclosure was void.

The Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2 makes unlawful any "unfair or deceptive acts or practices in the conduct of any trade or commerce." Com. v. Fremont Inv. & Loan, 897 N.E. 2d 548, 556 (Mass. 2008). "Conduct is unfair or deceptive if it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness or immoral, unethical, oppressive, or unscrupulous." Cummings v. HPG Int'l Inc., 244 F.3d 16, 25 (1st Cir. 2001) (citations and internal quotations omitted). Chapter 93A requires that at least "thirty days prior to the filing of any . . . action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent." Mass. Gen. Laws. ch. 93A, § 9(3). Because compliance with this requirement is a jurisdictional prerequisite, failure to comply results in dismissal of a Chapter 93A claim. Smith v. Jenkins, 777 F. Supp. 2d 264, 267 (D. Mass. 2011).

Three reasons require dismissal of this claim. First, RIPW fails to advance any argument whatsoever in support of Count III. Doc. No. 15 at 5-6. Accordingly, the motion to dismiss this count is ALLOWED AS UNOPPOSED. Alternatively, on the merits, two further reasons support dismissal. The crossclaim contains no allegation that RIPW sent a demand letter in advance of filing suit. The absence of this allegation mandates dismissal of the Chapter 93A claim on its own. <u>Jenkins</u>, 777 F. Supp. 2d at 267.[3] Finally, RIPW does not allege any "unfair or deceptive act or practice" by BANA that supports a plausible claim for relief. The conclusory allegation that the foreclosure was void is not enough to support a plausible Chapter 93A claim without any factual allegations plausibly suggesting that the foreclosure was void and that BANA knew it at the time of sale to RIPW. Accordingly, the motion to dismiss is ALLOWED with respect to Count III.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the pending motion to dismiss, Doc. No. 8 is ALLOWED. Because at the status conference, RIPW neither requested the opportunity to amend nor in any way suggested a basis for amending, the Court does not provide an opportunity to amend the complaint. Due to the Court's ruling on the crossclaims, the Court now lacks original subject matter jurisdiction over the remaining claims between RIPW and the Linnells. Given the status and nature of those claims, the Court declines to exercise supplemental jurisdiction.[4] The Court

---

[3] Nothing in the papers or RIPW's opposition suggests that it in fact did send a demand letter and, thus, that an opportunity to amend would enable it to cure this shortcoming.

[4] The First Circuit has counseled that "the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion." <u>Roche v. John Hancock Mut. Life Ins. Co.</u>, 81 F.3d 249, 256–57 (1st Cir. 1996). "In determining whether to retain jurisdiction on such an occasion, the court must take into account considerations of judicial economy, convenience, fairness to the litigants, and comity." <u>Delgado</u>, 668 F.3d at 48. In this case, such factors counsel in favor of remand.

does not resolve the pending motion for sanctions, Doc. No. 34, but notes that counsel for the Linnells has filed a complete statement of the deposits and withdrawals for the escrow account. Doc. No. 45.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge